1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

10

**WESTERN DISTRICT OF WASHINGTON**

11

**AT SEATTLE**

12

13

BCMB1 TRUST, a Delaware Statutory Trust,

**CASE NO.: 2:20-cv-01124-MJP**

14

Plaintiff,

**JOINT STATUS REPORT AND
DISCOVERY PLAN**
**(FRCP 26(f) and Local Rule 26(f))**

vs.

15

16

CHRISTINA MARIE JONES, an individual;
ALL PERSONS UNKNOWN, CLAIMING
ANY LEGAL OR EQUITABLE RIGHT,
TITLE, ESTATE, LIEN, OR INTEREST IN
THE PROPERTY DESCRIBED IN THE
COMPLAINT ADVERSE TO PLAINTIFF'S
SECURITY INTEREST, AND DOES 1-20
INCLUSIVE,

17

18

19

20

21

Defendants.

22

Plaintiff BCMB1 Trust ("Plaintiff" or "Trust") and Defendant Christina Marie Jones ("Defendant"

23

of "Jones"), (collectively, "Parties") hereby submit this Joint Status Report and Discovery Plan.

24

**I.   STATEMENT OF THE NATURE AND COMPLEXITY OF THE CASE.**

25

This is a declaratory relief action and raises issues regarding the statute of limitations of a real

26

property lien and which debts are discharged in bankruptcy.  The facts are simple.  On or about October

27

28

Nancy R. Tragarz, Bar # 56153
GHIDOTTI | BERGER LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Telephone: (949) 427-2010

7, 2006, for valuable consideration, Defendant made, executed and delivered to non-party Lending Connection, Inc. a Note ("Note") evidencing a loan to Defendant in the original principal amount of $136,420.00 ("Loan"). To secure payment of the principal sum and interest provided in the Note, as part of the same transaction, Defendant executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary, a Deed of Trust ("Deed of Trust") dated October 7, 2006 recorded as instrument number 20061002507 in the Official Records of the Whatcom County Recorder's Office ("Official Records") on October 17, 2006. This Deed of Trust was a second deed of trust behind a senior lien for a loan made in August of 2004 for $211,600 to lender Homecomings Financial Network, Inc. secured by the first deed of trust naming MERS as the beneficiary.  The Note/Loan was sold serval times and the subject Deed of Trust was subsequently assigned several times and ultimately assigned to Plaintiff, who has possession of the original note.

On July 30, 2008, Defendant Jones filed a Chapter 13 bankruptcy in the Western District of Washington.  On August 20, 2013, Defendant received a Chapter 13 discharge of certain debts.  The Parties disagree as to whether this debt was discharged.

Defendant fell behind on her payments. In November 2013, Defendant and Nationstar Mortgage, who was servicing the loan at that time, commended loss mitigation communications for a loan modification.  On April 12, 2014 and again on July 24, 2014, Defendant sent written communications to the loan servicer Nationstar Mortgage regarding the repayment of the debt. Over the last several months, Plaintiff has attempted to work out a loan modification or settlement with Defendant but an issue has arisen.  Defendant contends the debt was discharged in the bankruptcy and the statute of limitations has run.  Plaintiff contends this debt was not discharged in the bankruptcy.  Plaintiff further contends that no statute of limitations has run as the statute of limitations was tolled during the bankruptcy proceeding and during the time of loss mitigation.  Plaintiff further contends that Defendant acknowledged the debt in a signed writing and her intent to repay the debt, which restarted the statute of limitations. Defendant does not recall this interaction, denies that it was with Plaintiff, or that it restarted the statute of limitations.

JOINT STATUS REPORT AND DISCOVERY PLAN
Case #2:20-cv-01124-MJP      - 2

Nancy R. Tragarz, Bar # 56153
GHIDOTTI | BERGER LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Telephone: (949) 427-2010

**II. <u>DEADLINE FOR JOINING OF ADDITIONAL PARTIES.</u>**

The Parties do not anticipate joining any additional parties to the lawsuit.

**III. <u>ASSIGNMENT OF THE CASE CON SENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.</u>**

The Parties do not consent to a magistrate judge in this action.

**IV. <u>DISCOVERY PLAN</u>**

    **A. INITIAL DISCLOSURES.**

    Plaintiff has already provided its initial disclosures on September 21, 2020.

    Defendant has already provided her initial disclosures.

    **B. SUBJECTS, TIMING AND POTENTIAL PHASING OF DISCOVERY.**

    Completion of written discovery:    March 31, 2021

    Completion of depositions:    May 31, 2021

    **C. ELECTRONICALLY STORED INFORMATION.**

    The Parties will preserve any electronic stored information related to the case.

    **D. PRIVILEGE ISSUES.**

    The Parties maintain the right to claim the attorney-client, right to privacy, trade secrets and work product privileges.  They do not anticipate any issues.

    **E. PROPOSED LIMITS ON DISCOVERY.**

    Plaintiff anticipates sending written discovery and taking the deposition of Defendant. The Defendant anticipates serving Plaintiff and others with Interrogatories, Requests for Production and Requests for Admission.

    **F. NEED FOR ANY DISCOVERY RELATED ORDERS.**

    The Parties do not believe there is currently a need for any discovery related orders.

**V. <u>PARTIES VIEWS ON THE FOLLOWING TOPICS</u>:**

    **A. PROMPT CASE RESOLUTION.**

    The Parties would like to promptly resolve the case.

Nancy R. Tragarz, Bar # 56153
GHIDOTTI | BERGER LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Telephone: (949) 427-2010

**B.  ALTERNATIVE DISPUTE RESOLUTION.**

The Parties are agreeable to a settlement conference via conference call.

**C.  RELATED CASES.**

There are no related cases. Defendant Christina Marie Jones filed a chapter 13 bankruptcy in the Western District of Washington on July 30, 2008 and received a discharge of certain debts on August 20, 2013.

**D.  DISCOVERY MANAGEMENT.**

The Parties do not believe they need any special discovery management.

**E.  ANTICIPATED DISCOVERY SOUGHT.**

The Parties anticipate written discovery and depositions of Jones and employees or representatives of  Plaintiff with knowledge of Defendant's account at issue, Plaintiff's custodian of records and witnesses identified by Plaintiffs.

**F.  PHASING MOTIONS.**

The Parties do not anticipate the need for phasing motions.

**G.  PRESERVATION OF DISCOVERABLE INFORMATION.**

The Parties will preserve all discoverable information.

**H.   PRIVILEGE ISSUES.**

The parties due not anticipate any disputes of privilege issues.

**I.  MODEL PROTOCOL FOR DISCOVERY OF ESI.**

The parties do not anticipate any ESI discovery.

**J.  Alternatives to Model Protocol.**

Not applicable.

**VI.    THE DATE ON WHICH DISCOVERY CAN BE COMPLETE.**

Discovery can be completed by May 31, 2021.

Nancy R. Tragarz, Bar # 56153
GHIDOTTI | BERGER LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Telephone: (949) 427-2010

**VII.   WHETHER THE CASE SHOULD BE BIFURCATED BY TRYING THE LIABILITY ISSUES BEFORE THE DAMAGES ISSUES, OR BIFURCATED IN ANY OTHER WAY.**

The case should not be bifurcated.

**VIII.   WHETHER THE PRETRIAL STATEMENTS AND PRETRIAL ORDER CALLED FOR BY LOCAL CIVIL RULES 16(e), (h), (i), AND (k), AND 16.1 SHOULD BE DISPENSED WITH IN WHOLE OR IN PART FOR THE SAKE OF ECONOMY.**

The Parties believe the pretrial statements and pretrial order should be dispensed with in the sake of economy.  Each side will file exchange exhibits and file a trial brief 20 days before trial.

**IX.   ANY OTHER SUGGESTIONS FOR SHORTENING OR SIMPLIFYING THE CASE.**

None.

**X.   THE DATE THE CASE WILL BE READY FOR TRIAL.**

August 2021.

**XI.   JURY OR NON-JURY TRIAL.**

Non-jury trial.

**XII.   THE NUMBER OF TRIAL DAYS REQUIRED.**

One to two days for trial.

**XIII.   THE NAMES, ADDRESSES, AND TELEPHONE NUMBERS OF ALL TRIAL COUNSEL.**

Nancy R. Tragarz of Ghidotti | Berger LLP, 1920 Old Tustin Avenue, Santa Ana, CA 92705 Telephone: (949) 427-2010

Steven C. Hathaway, 3811 Consolidation Avenue, Bellingham, WA 98229, Telephone (360) 676-0529

JOINT STATUS REPORT AND DISCOVERY PLAN
Case #2:20-cv-01124-MJP      - 5 -

Nancy R. Tragarz, Bar # 56153
GHIDOTTI | BERGER LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Telephone: (949) 427-2010

XIV.  **THE DATES ON WHICH THE TRIAL COUNSEL MAY HOVE COMPLICATIONS TO BE CONSIDERED IN SETTING A TRIAL DATE.**

None.

XV.  **STATUS OF SERVICE.**

All parties have been served.

XVI.  **SCHEDULING CONFERENCE.**

The Parties do not wish a scheduling conference before the Court enters a scheduling order in the case.

XVII.  **LISTS OF DATES EACH NONGOVERNMENTAL CORPORATE PARTY FILED ITS DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 AND LOCAL RULE 7.1.**

BCBM1 Trust filed its Corporate Disclosure on July 20, 2020.


Dated September 28, 2020                    **GHIDOTTI | BERGER LLP**

                                          By: _/s/ Nancy R. Tragarz_____
                                              Nancy R. Tragarz, WSBA #56153
                                              Attorney for Plaintiff, BCMB1 TRUST
                                              1920 Old Tustin Avenue
                                              Santa Ana, CA 92705
                                              Telephone: (949) 427-2010
                                              ntragarz@ghidottiberger.com


Dated September 28, 2020                    **LAW OFFICE OF STEVEN C. HATHAWAY**

                                          By: _/s/ Steven C. Hathaway_
                                              Steven C. Hathaway, WSBA #24971
                                              Attorneys for Defendant
                                              CHRISTINA MARIE JONES
                                              3811 Consolidation Avenue
                                              Bellingham, WA 98229
                                              shathaway@expresslaw.com

JOINT STATUS REPORT AND DISCOVERY PLAN
Case #2:20-cv-01124-MJP        - 6

Nancy R. Tragarz, Bar # 56153
GHIDOTTI | BERGER LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Telephone: (949) 427-2010